UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:22-cr-00283-MO |
| v. | INDICTMENT |
| PETER IGWACHO, | 18 U.S.C. § 1343<br>Forfeiture Allegation |
| Defendant. | UNDER SEAL |

THE GRAND JURY CHARGES:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. PETER IGWACHO ("**IGWACHO**") is a resident of Alaska.

2. IGWACHO is the sole owner of Yukon Employment Solutions, Inc., ("Yukon").

3. Yukon was assigned an EIN number on April 3, 2020.

4. Yukon purports to be a residential mental health and substance abuse facility.

**COVID Disaster-Relief Programs**

5. On March 27, 2020, President Donald Trump signed the Coronavirus Aid, Relief, and Economic Security ("CARES") Act into law. The CARES Act created the Paycheck Protection Program ("PPP"), which authorized the SBA to guarantee loans of up to $10,000,000

**Indictment** Page 1
Revised April 2018

to qualifying employers without collateral or personal guarantees from the borrowers. The Act required lenders making loans under the PPP to defer all repayment obligations for not less than six months on such loans and required borrowers to certify, among other things, that the borrowed "funds [would] be used to retain workers and maintain payroll or make mortgage payments, lease payments, and utility payments." In order to obtain PPP funding, an applicant was required to provide personal identifying information as well as information about the subject business's operations, such as the date of opening, number of employees, and reported revenues.

6. On December 27, 2020, the Consolidated Appropriations Act of 2021, which included the Economic Aid to Hard-Hit Small Businesses, Nonprofit, and Venues Act (the "Relief Act") was signed into law, which provided an additional $284.5 billion for the PPP loan program. Under the Relief Act, certain businesses that had already obtained a PPP loan under the original PPP were eligible for an additional "second draw" PPP loan, provided they met certain requirements. The Relief Act also re-opened the application period for "first draw" PPP loans to businesses that had not been approved for a "first draw" loan prior to August 8, 2020, or who may have been eligible to receive more funds during the "first draw" period than they actually received. The PPP allows qualifying small businesses and other organizations to receive unsecured SBA-guaranteed loans. PPP loan proceeds must be used by businesses on payroll costs, mortgage interest, rent, and/or utilities, among other specified expenses.

7. **IGWACHO** applied for and successfully obtained PPP loan # #14646386-04.

8. **IGWACHO**'s PPP loan application was submitted through servers in the District of Oregon, after which initial screening transferred information to servers in the Commonwealth of Virginia.

### COUNT 1
### (Wire Fraud)
### (18 U.S.C. § 1343)

9. The allegations in paragraphs 1 through 8 of this Indictment are incorporated as though realleged herein.

## THE SCHEME

10. On or about April 2020 and continuing through October 2021, **IGWACHO** devised and intended to devise a material scheme to defraud the SBA and various financial institutions and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

11. Specifically, **IGWACHO** applied for and obtained a PPP loan by making materially false representations, with the intent to defraud, that is, the intent to deceive and cheat.

## MANNER AND MEANS

It was part of this scheme that:

12. Beginning on or about March 13, 2021, **IGWACHO** transmitted a PPP loan application on behalf of Yukon, wherein he made several materially false statements and representations in furtherance of securing proceeds.

| Date | Program/ Application, Loan, or Grant Number | Business | Amount |
|---|---|---|---|
| March 13, 2021 | Loan Application RE PPP Loan # 14646386-04 | Yukon Employment Solutions, Inc. | $150,000.00 + SBA Paid Lender Fees $7,500 |

13. Upon the approval of the PPP loan application for $150,000, the SBA paid lender fees of $7,500 to the lending institution that originated the loan.

14.     The PPP loan application contained the following material misrepresentations.

     a.      Applicant was asked whether the "Applicant or any owner of the Applicant" was "an owner of any other business, or have common management (including a management agreement) with any other business[.]" The applicant responded "No" even though the applicant owned another business ("It Is Well Mental Health Solutions").

     b.      **IGWACHO** claimed that Yukon had ten employees, an average monthly payroll of $60,000.00, and that the company generated $170,416.00 in gross receipts during the second quarter of Tax Year 2020. Those representations were false; the Internal Revenue Service (IRS), Alaska Department of Revenue, and Alaska Department of Labor did not have any records of Yukon filing any returns or information reflecting that the company had the number of employees or average monthly payroll represented on **IGWACHO**'s PPP loan application, or that the company generated the claimed gross receipts during the second quarter of Tax Year 2020. Yukon bank account transaction records also demonstrated that the company did not have or generate the average monthly payroll or gross receipts amounts that **IGWACHO** claimed in his PPP loan application.

     c.      Among the supporting documentation that **IGWACHO** provided with his PPP loan application was IRS Forms 941 (Employer's Quarterly Federal Tax Return) for Yukon, for all four quarters of Tax Year 2020, which reported that Yukon had employees to whom it paid wages and withheld federal income tax. Those representations were false: none of the IRS Forms 941 that **IGWACHO** provided with his PPP loan application had ever been filed with the IRS.

**Indictment**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**Page 4**

d.  Among the supporting documentation that **IGWACHO** provided with PPP loan application was IRS Form 1040 Schedule C (Profit or Loss From Business [Sole Proprietorship]) for Tax Year 2020, in which he claimed that Yukon's gross income and wage expenses during that period to be $802,400.00 and $702,932.00, respectively. Those representations were false: the IRS, Alaska Department of Revenue, and Alaska Department of Labor did not have any records of Yukon filing any returns or information reflecting that the company generated the represented the gross income or wage expenses during Tax Year 2020. Yukon's bank account transaction records also demonstrated that the company did not generate the gross income or incur the wage expenses that **IGWACHO** claimed in his PPP loan application.

## WIRE FRAUD

15. On or about the dates set forth below in Count 1, in the District of Oregon and elsewhere, **IGWACHO**, for the purposes of executing and attempting to execute the above-described material scheme to defraud, or with the intent to deceive and cheat, in order to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowingly caused the following communications via interstate wire:

| Count No. | Date | Interstate Transmission |
|---|---|---|
| 1 | March 13, 2021 | Loan Application RE PPP Loan # 14646386-04 |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

16. Upon conviction of the wire fraud offense alleged in Count 1 of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C.

§ 2461(c) any and all property, real or personal, involved in or derived from said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

17. If the above-described forfeitable property, as a result of any act or omission of defendant:

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

Dated: August 9th, 2022                  A TRUE BILL.



OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

SIDDHARTH DADHICH, TSB #24096310
Assistant United States Attorney