SCOTT E. BRADFORD
United States Attorney
District of Oregon
**ROBERT S. TRISOTTO, NYS #4784203**
Robert.Trisotto@usdoj.gov
**MEREDITH D.M. BATEMAN, OSB #192273**
Meredith.Bateman@usdoj.gov
Assistant United States Attorneys
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **3:22-cr-00283-AN** |
| **v.** | **UNITED STATES' SENTENCING MEMORANDUM** |
| **PETER IGWACHO,** | |
| **Defendant.** | **Sentencing Date: February 26, 2026** |

## I.    INTRODUCTION

Defendant Peter Igwacho fraudulently obtained more than $172,000 in taxpayer money from emergency programs created by Congress that were intended to help small businesses retain workers, maintain payroll, and stay afloat during the COVID-19 pandemic.  In truth, defendant was not entitled to that money because his purported business had no employees on payroll to retain and was not in operation at the time, let alone suffering the type of economic hardship envisioned by Congress for recipients of the emergency funds.  While defendant lined his pockets with the COVID-relief funds, small businesses in dire need of that money never received it because the money ran out.  For his misconduct, defendant was convicted of three

**United States' Sentencing Memorandum**                                                                      **Page 1**

counts of Wire Fraud, in violation of 18 U.S.C. § 1343, following a three-day jury trial.
Sentencing is set for February 26, 2026.

On February 12, 2026, the United States Probation and Pretrial Services Office
("Probation") disclosed its Presentence Report ("PSR") and Sentencing Recommendation
("Rec."). Probation calculated defendant's total offense level under the United States Sentencing
Guidelines (the "Guidelines") as 17 and criminal history as Category I, resulting in a Guidelines
range of 24 to 30 months' imprisonment. (PSR ¶ 69.) Additionally, Probation recommended
that the Court impose a sentence of 24 months' imprisonment on each of the three counts, run
concurrently. (Rec. at 1.)

The United States agrees with Probation's Guidelines calculations, with one exception.
The United States believes that the Court should apply the two-level enhancement under
U.S.S.G. § 2B1.1(b)(10)(C) because the offense involved the use of sophisticated means, which
would result in a total offense level of 19 rather than 17. After applying that enhancement, the
United States believes defendant's Guidelines range is 30 to 37 months' imprisonment and that a
low-end sentence of 30 months' imprisonment would properly balance the seriousness of the
offense with the history and characteristics of the defendant, and the heightened need for
deterrence in this case, among other Section 3553(a) factors.

Accordingly, the United States respectfully requests the Court to impose the following
sentence: (1) a low-end term of 30 months' imprisonment on Counts 1, 2 and 3, run
concurrently; (2) three years' supervised release; (3) a $100 special assessment on each count;
(4) no fine; and (5) restitution in the amount of $182,225.15.

**United States' Sentencing Memorandum**                                      **Page 2**

## II.     FACTUAL BACKGROUND

Beginning in April 2020, defendant devised a scheme to fraudulently obtain taxpayer money under the Paycheck Protection Program (PPP) and Economic Injury Disaster Loan (EIDL) programs.  Defendant executed his scheme by submitting a series of PPP and EIDL applications that contained material false representations about his purported business, Yukon Employment Solutions' (Yukon) operations.  (PSR ¶¶ 12-19.)  As proven at trial, these false statements included, among others:

1.     **Yukon Being In Operation.**  Defendant misrepresented that Yukon was in operation on February 15, 2020 when, in truth, Yukon had no business license in the State of Alaska between 2019 and June 15, 2020, and no Employment Identification Number (EIN) with the IRS until on or about April 3, 2020.

2.     **Yukon's Number of Employees.**  Defendant lied about having 3 employees for whom Yukon paid payroll taxes in his first PPP loan application submitted in August 2020, and further lied about having 10 employees for whom Yukon paid payroll taxes on his second PPP loan application submitted in March 2021.  In truth, Yukon had none.

3.     **Yukon's Financial Information.**  Defendant claimed in his EIDL applications that Yukon had gross revenues of as much as $138,000 and had cost of goods sold of up to $68,000 when, in truth, these numbers were falsified.

4.     **Fake Documentation**.  Defendant certified in his applications that the information provided in the supporting documents and forms was true and correct.  But, in support of each application, defendant submitted fabricated tax records, including fake Form 1040s (Individual Income Tax Return), and fake Form 941s (Employer's Quarterly Federal Return).

**United States' Sentencing Memorandum**                                           **Page 3**

5. **Forgiveness Applications.** Defendant mispresented that he spent 100% of the PPP money on payroll when, in truth, none of it appeared to be.

Based upon these misrepresentations, the U.S. Small Business Administration (SBA) approved defendant's applications and funded about $160,000 in PPP loans and about $12,000 in EIDL loans. Following a three-day jury trial, defendant was found guilty of three counts of Wire Fraud, in violation of 18 U.S.C. § 1343.

## III. THE PRESENTENCE REPORT

On February 12, 2026, Probation disclosed the PSR to the parties and issued its Sentencing Recommendation.

### A. Defendant's Total Offense Level is a 17

In the PSR, Probation concluded that defendant's total offense level is 17, calculated as follows:

| Description | No. | Guideline Section |
|---|---|---|
| Base Offense Level | 7 | U.S.S.G. § 2B1.1(a)(1) |
| Loss Greater than $150,000 | +10 | U.S.S.G. § 2B1.1(b)(1)(F) |
| **Total:** | **17** | |

(PSR ¶¶ 32-40.)

### B. Defendant is in Criminal History Category I

The PSR concluded that defendant is in Criminal History Category I because defendant has one criminal history point. (PSR ¶ 46.)

C.    **Probation Recommended a Sentence of Probation**

With a total offense level of 17 and a criminal history category of I, Probation determined that defendant falls within an advisory Guidelines range of 24 to 30 months' imprisonment. (PSR ¶ 69.)  In its Recommendation Letter, Probation recommended a term of imprisonment of 24 months, three years' supervised release, $300 in special assessments, no fine, and $182,225.15 in restitution.  (Rec. at 1.)

IV.    **THE UNITED STATES' POSITION ON THE PRESENTENCE REPORT**

The United States concurs with the Guideline calculations, with one exception.  The United States believes that the Court should apply a two-level increase to defendant's offense level based upon the sophisticated-means enhancement under U.S.S.G. § 2B1.1(b)(10)(C).

Section 2B1.1(b)(10)(C) provides for a two-level enhancement if "the offense ... involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means."  Application Note 9 of Section 2B1.1 define "sophisticated means" as "especially complex or especially intricate offense conduct pertaining to the execution or concealment of an offense," and provides a non-exhaustive list of examples such as "hiding assets or transactions, or both, through the use of fictitious entities."  *Id.* cmt. n.9.

Here, defendant knowingly obtained and submitted fabricated tax records to conceal the misrepresentations he made in his PPP and EIDL applications.  For example, the falsity of defendant's claim that he had 10 employees on payroll in his March 15, 2021, PPP loan application was concealed by four fake Form 941s (Employer's Quarterly Tax Return), one for each quarter in 2020, that mispresented Yukon's number of employees and the amount of wages paid to those employees.  At trial, the United States proved that these Form 941s were fabricated at defendant's request by his co-schemer and done so for the purpose of making it more difficult

**United States' Sentencing Memorandum**                                                    **Page 5**

for SBA and its participating lender to detect defendant's fraudulent scheme so that his loans would be funded. This conduct falls within the scope of the sophisticated-means enhancement. *See United States v. Terabelian*, 105 F.4th 1207, 1212, 1219-20 (9th Cir. 2024) (applying sophisticated means when defendant "might not have been the mastermind" but "knew what was going on . . . [,] knew this was an extensive fraud[,] and . . . she knew the methodology" of co-conspirators using fictitious entities to steal $18 million in COVID-19 funds); *United States v. Horob*, 735 F.3d 866, 872 (9th Cir. 2013) (applying sophisticated means enhancement where defendant "fabricated numerous documents" in support of his fraudulently obtained loans); *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013) ("Defendants' efforts to conceal income by using a bank account with a deceptive name was sufficiently sophisticated to support application of the sentencing enhancement.").

The United States anticipates that defendant may claim that this conduct was not sophisticated or complex enough to warrant the enhancement applying. *See, e.g.,* PSR ¶ 33a (Probation recognizing that falsified tax records were part of defendant's fraudulent scheme but not applying enhancement because Probation did "not believe the defendant's conduct was especially complex or intricate, pertaining to the execution or concealment of the offense."). This claim is inconsistent with precedent in this Circuit, as well as this District.

As the Ninth Circuit explained in *Terabelian*, the "'[c]onduct need not involve highly complex schemes or exhibit exceptional brilliance.'" 105 F.4th 1207, 1219 (9th Cir. 2024) (citing *United States v. Jennings*, 711 F.3d 1144, 1145 (9th Cir. 2013)). The "essence" of the enhancement is "merely deliberate steps taken to make the offense … difficult to detect." *United States v. Kontny*, 238 F.3d 815, 820-21 (7th Cir. 2001); *see Horob*, 735 F.3d at 872, *Jennings*, 711 F.3d at 1145. Indeed, in the past, this Court has applied the enhancement over a defendant's

**United States' Sentencing Memorandum**                                    **Page 6**

objections in COVID-19 cases like this one where fabricated documents were part of the fraud. *See United States v. McGowen*, 22-cr-00360-AN (rejecting defendant's objection to applying sophisticated means enhancement where fake IRS documents were submitted to support the lies in COVID-19 loan materials); *United States v. Williams*, 3:23-cr-00164-AN (same).

This Court is not alone. Other courts in this District have followed suit in COVID-19 fraud cases where the defendant or a co-schemer created or submitted bogus tax documents to support the inflated numbers on the applications. *See, e.g.*, *United States v. Mandera*, 3:23-cr-00307-MO; *United States v. Blood*, 3:21-cr-00231-IM; *United States v. Lysne*, 3:21-cr-00167-SI; *United States v. Kirkpatrick*, 3:22-cr-00388-001-IM; *United States v. Cunningham*, 3:22-cr-00018-IM. Accordingly, the Court should apply the two-level sophisticated means enhancement and find that defendant's total offense level is 19.

## V. THE UNITED STATES' RECOMMENDED SENTENCE AND SECTION 3553(a) ANALYSIS

With a total offense level of 19 and a criminal history category of I, defendant's advisory Guidelines range is 30 to 37 months' imprisonment. The United States respectfully requests the following sentence: (1) 30 months' imprisonment on each count, run concurrently; (2) three years' supervised release; (3) a $100 special assessment for each count; (4) no fine; and (5) $182,225.15 in restitution. The United States believes this sentence appropriately balances the nature, circumstances, and seriousness of the offense, defendant's history and characteristics and the need to provide deterrence, promote respect for the law, among the other sentencing factors.

**United States' Sentencing Memorandum**                                    **Page 7**

### A.     Nature, Circumstances, and Seriousness of the Offense

Defendant's crimes were serious.  In April 2020, shortly after the onset of the COVID-19 pandemic, defendant devised a scheme to defraud the SBA out of money that Congress had allotted under the CARES Act to be used to fund small business that were struggling to retain workers and keep their businesses afloat.  Through a series of fraudulent PPP and EIDL applications, defendant wrongly obtained more than $172,000 of those funds that could have gone to businesses that were truly in need of it.  Defendant then spent the money on personal expenses rather than using it for employee payroll or other approved expenses.  Thus, the seriousness, nature, and circumstances of defendant's crimes support a low-end term of imprisonment of 30 months.

### B.     Defendant's History and Characteristics

Defendant's history and characteristics contain both aggravating and mitigating factors.

This is not the first time defendant has defrauded a public agency out of taxpayer money. It is the third.  The first time was in the early 2000s.  Specifically, in 2009, defendant pled guilty to Theft by False Representation in Minnesota state court.  (PSR ¶ 44.)  According to the complaint, between July 1, 2002, and June 30, 2003, defendant, through his then company, stole about $51,000 from Minnesota's Medicaid program by billing for services not actually rendered. *See* ECF No. 41 (United States' 404(b) notice further detailing nature of the crime).

Defendant also defrauded the Alaska Labor Department by applying for unemployment benefits on a weekly basis between about August 2020 and January 2021 despite being employed by the Anchorage School District during that time.  Each week, defendant falsely certified that he did not work for any employers and did not earn any wages.  In total, defendant failed to report wages of $15,702.54 from the Anchorage School District that resulted in an overpayment

**United States' Sentencing Memorandum**                                        **Page 8**

of unemployment benefits to defendant of about $2,520.  In March 2021, the Alaska Labor Department opened an investigation and determined that defendant knowingly made false statements with the intent to obtain benefits for which he was not entitled each time he filed for unemployment benefits (about 20 times total).  *See* ECF No. 79 (United States' supplemental 404(b) notice further detailing nature of fraud).

On the other hand, it appears that in the years following defendant's fraudulent schemes, defendant has been providing meaningful contributions to the Alaskan community, such as by providing transitional services for the homeless population and individuals being released from custody.  (PSR ¶¶ 56, 64.)

On balance, these factors support the United States' recommendation of 30 months' imprisonment.

### C.    Need to Provide Adequate Deterrence, Protect the Public and Promote Respect for the Law

A term of 30 months' imprisonment is also needed to protect the public and promote respect for the law.  As detailed above, this is defendant's third time defrauding a public agency of taxpayer money.  The first resulted in a sentence of three days' jail and 10 years' probation. (PSR ¶ 44.)  The second resulted in being disqualified from receiving unemployment benefits for not more than 52 months.  (ECF No. 79 at 3.)  Unfortunately, these consequences were insufficient to stop defendant from continuing to engage in fraud.  Consequently, the United States believes that defendant needs a lengthy sentence, like the 30-month term of imprisonment recommended here, to deter any future criminal misconduct.

**United States' Sentencing Memorandum**                                        **Page 9**

### D.    Need to Avoid Unwarranted Sentencing Disparities

Section 3553(a)(6) requires a court to "avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty for similar conduct." According to Probation, during the last five fiscal years, there were 415 defendants whose primary guideline was Section 2B1.1, with a total offense level of 17 and criminal history category of I. (PSR ¶ 87.) For the 320 defendants who received a sentence of imprisonment, the average length of imprisonment imposed was 15 months and the median length of imprisonment was 16 months. (*Id.*)

While these lengths are lower than the 30 months recommended here, the differences are explained by (1) that these stats are based on a total offense level of 17 as opposed to 19, when the sophisticated means enhancement is applied, and (2) factors unique to this case, such as that defendant did not receive a three-level downward departure for acceptance of responsibility since he proceeded to trial and the heightened need for deterrence given defendant's history of stealing taxpayer money. *Cf. United States v. McGowen*, 22-cr-00360-AN (37 month term of imprisonment imposed; 2 fraudulent schemes, one of which was a COVID fraud scheme that resulted in about a $1.3 million loss; total offense level 19 after including minus three for acceptance of responsibility and minus two for zero-point offender); *United States v. Lysne*, 3:21-cr-00167-SI (30 month term of imprisonment imposed; COVID fraud scheme that resulted in loss of about $360,000; total offense level 18 after including minus three for acceptance of responsibility; heightened need for deterrence where significant prior criminal history).

Accordingly, the United States believes that its recommended 30-month term of imprisonment would avoid unwarranted sentencing disparities among similarly-situated defendants.

**United States' Sentencing Memorandum**                                          **Page 10**

## VI.     CONCLUSION

The Court should sentence defendant to (1) 30 months' imprisonment on Counts 1, 2, and 3, run concurrently; (2) three years' supervised release; (3) $300 in special assessments; (4) no fine; and (5) $182,225.15 in restitution.

Dated: February 17, 2026.                          Respectfully submitted,

                                                   SCOTT E. BRADFORD
                                                   United States Attorney

                                                    /s/ Robert S. Trisotto
                                                   ROBERT S. TRISOTTO
                                                   MEREDITH D.M. BATEMAN
                                                   Assistant United States Attorneys